CINCINNATI TRAC. CO. v. MAGGIE DURACK, ADMRX.

1. DEFECT IN APPLIANCE ON UNCONTROLLED CAR ASSUMED CAUSE OF DEATH OF CONDUCTOR ON CAR COLLIDED WITH.

The negligence of fellow-servants in charge of a runaway car having been eliminated, and no other reasonable inference as to why the car started down the grade can be drawn from the testimony, it may be assumed that a brake shoe shown to have been loose was the proximate cause, and a judgment for damages recovered by the administratrix of the conductor of the car in front who was killed in the resulting collision will not be set aside for insufficient evidence.

2. INSTRUCTION EXCLUDING CONSIDERATION OF CONTRIBUTORY NEGLIGENCE PLEADED REVERSIBLE ERROR.

But an instruction to the jury, which excluded all consideration of contributory negligence, although pleaded as a defense and supported by some evidence, constitutes prejudicial error requiring a reversal of the judgment.

ERROR to common pleas court.

This action originated in the death of a traction car conductor who was killed by a runaway car coming down the grade behind him and colliding with his car while he was adjusting the trolley thereon. On a former trial plaintiff recovered a judgment against the traction company; this judgment was reversed by the circuit court and error was prosecuted to the Supreme Court for error by the circuit court in refusing to render judgment for the traction company. The Supreme Court

affirmed the circuit court in *Cincinnati Trac. Co.* v. *Durack,* 78 Ohio St. 243 [85 N. E. Rep. 38; 14 Ann. Cas. 218]. Another trial has been had, judgment rendered for plaintiff below and error is prosecuted again to the action of the common pleas.

*Kinkead, Rogers & Ellis,* for plaintiff in error.

*D. V. Sutphin* and *W. A. DeCamp,* for defendant in error.

**GIFFEN, P. J.**

Although the plaintiff in her amended petition sets forth several acts of negligence, the only one relied upon at the last trial is stated as follows:

"Through the negligence of the defendant company or of some of its employes whose duty it was to inspect, repair and see that the machinery and appliances of such car were in proper condition, the brake, brake-shoe or shoes of said car No. 9 had become out of repair and worn so as not to be fit for the purpose for which such brake or brake-shoes are applied; that by reason of said defect in said brake, brake-shoe or shoes, said car No. 9 broke away and caused injury to plaintiff's intestate in the manner above described."

In support of the alleged error in overruling defendant's motion at the conclusion of the evidence for an instructed verdict, counsel for plaintiff in error say in their brief:

"There was a failure on the part of plaintiff below to prove that the loose brake-shoe was the proximate cause of the injury."

The charge of negligence was not thus limited to a loose brake-shoe, but embraced any and all defects of the brake itself; and the experts called by the defendant were careful to assume that the other essential parts of the brake were in good order before stating that one defective brake-shoe would not lessen the efficiency of the brake on a so-called McGuire truck. No one will deny that the natural laws upon which they based their conclusions are invariable, or that a brake designed and constructed in accordance with such laws will work in obedience thereto; but it must be admitted that the practical application of these laws in the construction of a machine is as variable and erring as human judgment itself. Hence the principle upon which a certain type of trucks is constructed may insure

Traction Co. v. Durack.

efficiency in braking apparatus, and yet a particular truck may, because of the human factor in its construction, be faulty and variable in its operation. When, therefore, the motorman of car No. 9 reported to his superintendent that the car was a little hard to-stop and that the brake was bad, it does not necessarily follow that his testimony is of no value, because the only apparent defect is one loose shoe, and because the laws of physics prove that this defect in a type, not in the particular brake, is immaterial. The superintendent himself apparently approved the judgment of the motorman that the brake was bad, when after three warnings at intervals of a half hour or more, consented to give him another car; but whether this be so or not, it was his duty to inspect or cause to be inspected the defective brake and ascertain whether it was safe for further use.

The question of negligence of a fellow servant being eliminated by the testimony of the motorman and conductor of car No. 9, the probability that the defective brake caused the car to start down the grade on which it was standing is stronger than any other that has or can be suggested from the evidence. It is not a mere conjecture, but a reasonable inference from all the evidence. *Schoepper* v. *Chemical Co.* 113 Mich. 582 [71 N. W. Rep. 1081]; *Cincinnati Trac. Co.* v. *Holzenkamp,* 74 Ohio St. 379 [78 N. E. Rep. 529; 6 L. R. A. (N. S.) 800; 113 Am. St. Rep. 980].

This view of the case was probably entertained by the Supreme Court when they said in *Cincinnati Trac. Co.* v. *Durack,* *supra*:

"From this statement of the case we are inclined to think that the plaintiff in error obtained from the circuit court more than its dues."

Whether this be true or not the law and evidence of the case as now presented convinces us that the court below did not err in overruling the motion or in refusing a new trial for insufficient evidence.

The court did err, however, in giving special instruction No. 1 requested by plaintiff, because it excludes all consideration of contributory negligence, although pleaded as a defense

and supported by some evidence. The very place where the decedent was standing, while adjusting the trolley wheel, was necessarily one of danger, and required of him proportionate care to avoid injury. Whether his failure, if any, to exercise ordinary care contributed directly to his injury was an issue that should have been submitted to the jury. The same error occurs in the general charge.

The special instruction was faulty also in assuming that the company was negligent in failing to take the car out of service when it was discovered that the brake-shoe was defective. The same error appears in special instruction No. 4 and in the general charge. The general charge contains the following instruction:

"Every employer must give his employes reasonably safe appliances with which to work and a reasonably safe place wherein to work. The company however is not an insurer of the lives of its employes."

This instruction violates the rule stated in *Cincinnati, H. & D. Ry.* v. *Frye*, 80 Ohio St. 289 [88 N. E. Rep. 642; 131 Am. St. Rep. 709], notwithstanding the qualification that the company is not an insurer. The court erred also in defining "burden of proof." The first special interrogatory which the court refused to submit to the jury is indefinite as to the time, and the refusal was not prejudicial.

We are not unmindful of the gravity and importance of the case especially to the widow and orphans; but the errors pointed out are of that substantial nature which prevents a fair trial, and we are constrained therefore to again reverse the judgment and remand the case for a new trial.

**Smith** and **Swing, JJ.,** concur.